UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CEDRIC MANGANIELLO,

            Plaintiff,

      v.

MNS & ASSOCIATES LLC and
MICHAEL SHAW, individually,

            Defendants.

DECISION AND ORDER
22-CV-41

---

## INTRODUCTION

On January 13, 2022, the plaintiff, Cedric Manganiello, filed a complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.  Docket Item 1.  The defendants failed to appear and defend this action, and the time to do so expired.  As a result, the plaintiff asked the Clerk of the Court to enter a default, and the Clerk did so on February 14, 2022.  Docket Item 7.

On June 17, 2022, the plaintiff moved for a default judgment under Federal Rule of Civil Procedure 55(b)(2).  Docket Item 9.  The plaintiff seeks $5,264.90, which includes $1,000 in statutory damages, $3,767.90 in attorneys' fees, and $497.00 in costs.  *Id*.  After carefully reviewing the plaintiff's motion and supporting documents, this Court grants the plaintiff's motion in part.

## BACKGROUND

The plaintiff in this case, Cedric Manganiello, incurred consumer debt that the defendants, MNS & Associates LLC and Michael Shaw, sought to collect.[1] Docket Item 1 ¶ 20. Toward that end, the defendants began leaving voicemail messages for Manganiello in September 2021. *Id.* ¶ 23. The first message stated the following:

> Hello. This message is intended to reach Cedric Manganiello. My name is Christine with MNS & Associates. I am calling today regarding asset verification, to confirm your address, as the prime in place of employment [sic]. I was forwarded documentation that does verify name and Social Security number in regards to this process for review. Please be advised that we are requesting for you to respond to this time-sensitive matter. And at this point in time, if there are any questions or to update the file accordingly, you will need to contact an advisor directly at 855-616-1608. When calling, please reference file number 53920746.

*Id.*

Manganiello retained counsel, and on or about December 23, 2021, counsel for Manganiello e-mailed the defendants asking that they cease communication with him. *Id.* at ¶¶ 24-25. Nevertheless, defendant Shaw left the following voicemail message on Manganiello's phone just a few weeks later:

> Yeah, so this message is meant for Cedric Manganiello. This is Mike Shaw at M&S Associates. Sir, just following up on the [inaudible 00:00:09] settlement we offered you for your Destiny Mastercard. If you do want to take advantage of that, I would need a return phone call here, sir. My number is 1-855-406-5317 and the file number is 53920746. Thank you.

*Id.* at ¶ 26.

---

[1] Upon entry of default, the court accepts as true the complaint's factual allegations, except those relating to damages, and draws all reasonable inferences in the moving party's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir.1974)).

**DISCUSSION**

A. **Default Judgment**

To obtain a default judgment, a party first must secure a clerk's entry of default by demonstrating, "by affidavit or otherwise," that the opposing party "has failed to plead or otherwise defend" the case. Fed. R. Civ. P. 55(a). In deciding whether to enter a default judgment, the court accepts the factual allegations in the complaint as true and determines whether the alleged facts state a valid claim for relief; the court also has the discretion to require further proof, if necessary. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (discussing Fed. R. Civ. P. 55(b)(2)). As to damages, the court should take steps, including by hearing or referral when necessary, to establish an amount with reasonable certainty. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (discussing Fed. R. Civ. P. 55(b)(2)).

B. **FDCPA Claims**

  1. **Liability**

The plaintiff asserts that the defendants violated the FDCPA by:

  a. "communicating with a consumer when the debt collector knows the consumer is represented by an attorney with respect to such debt, when Defendants continued to place collection calls to Plaintiff after receiving notice that Plaintiff is represented by an attorney," in violation of 15 U.S.C. § 1692c(a)(2);

  b. "engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendants continued to place collection calls to Plaintiff after [counsel] requested for Defendants to stop communicating with Plaintiff," in violation of 15 U.S.C. § 1692d;

  c. "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendants continued to place collection calls to Plaintiff after [counsel] requested for Defendants to stop communicating with Plaintiff," in violation of 15 U.S.C. § 1692d(5);

    d. "us[ing] … any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendants engaged in engaged in [sic], at least, the following discrete violations of § 1692e," in violation of 15 U.S.C. § 1692e;

    e. "representing that nonpayment of the alleged debt will result in the garnishment of property or wages unless such action is lawful and the debt collector intends to take such action, when Defendant's female collector threatened to garnish Plaintiff's assets and wages," in violation of 15 U.S.C. § 1692e(4);

    f. "threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant's female collector threatened to take legal action against Plaintiff and Defendants did not intend to take such action," in violation of 15 U.S.C. § 1692e(5);

    g. "using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant's female collector falsely represented a lawsuit was filed against Plaintiff," in violation of 15 U.S.C. § 192e(10);

    h. "failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, [when] Defendants left voicemail messages for Plaintiff and did not disclose the communication is from a debt collector and is an attempt to collect a debt," in violation of 15 U.S.C. § 1692e(11); and

    i. "us[ing] [ ] unfair or unconscionable means to collect or attempt to collect any debt, when Defendants engaged in all of the foregoing misconduct," in violation of 15 U.S.C. § 1692f.

Docket Item 1 at ¶ 32.

    Although some of these violations may be a stretch in light of the facts alleged—for example, alleging that the calls "threatened to take legal action" or to garnish wages—the plaintiff nevertheless has adequately alleged that the defendants violated the FDCPA. Accepting the undisputed facts in the complaint as true, the plaintiff has therefore established the defendants' liability under the FDCPA.

4

### 2. Statutory Damages

Under the FDCPA, a court may award a plaintiff up to $1,000 in statutory damages. 15 U.S.C. § 1629k(b)(1). Proof that the statute was violated warrants damages, "although a court must then exercise its discretion to determine how much to award, up to the $1,000 ceiling." *Savino v. Comput. Credit Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).

In calculating an appropriate award of statutory damages, the district court considers relevant factors such as the frequency, persistence, nature, and intentionality of noncompliance by the debt collector. 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are rare and "are typically granted [only] in cases where a defendant's violations are 'particularly egregious or intimidating.'" *Carbin v. N. Resolution Grp., LLC*, 2013 WL 4779231, *2 (W.D.N.Y. Sept. 5, 2013) (quoting *Cordero v. Collection Co.*, 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012)).

Here, Manganiello seeks the $1,000 maximum in statutory damages. Docket Item 9 at ¶ 18. His complaint alleges that he received two voicemails over a period of approximately four months. Notably, Manganiello does not suggest that his case presents facts that are "particularly egregious or intimidating," nor does he cite any law in support of his assertion that he is entitled to the statutory maximum.

The Court finds that an award of $1,000 is not warranted by the facts of this case. *See, e.g., Fajer v. Kaufman, Burns & Assocs.*, No. 09-CV-716S, 2011 WL 334311, at *3 (W.D.N.Y. Jan. 28, 2011) (deeming $1,000 "excessive" even when the defendant made numerous calls to the plaintiff's home and workplace and made empty threats of litigation). In light of the circumstances—two non-threatening voicemails—the Court deems $250 to be an appropriate award of damages. *See, e.g., Twarozek v.*

*Midpoint Resolution Group, LLC,* 2011 WL 3440096, at *4 (W.D.N.Y. August 8, 2011) (awarding $250 for violation involving one telephone call as well as improper disclosure of information to a third party and false representations); *Estay v. Moren & Woods, LLC,* No. 09–CV–620A, 2009 WL 5171881 at *2 (W.D.N.Y. Dec. 22, 2009) (awarding $250 when the defendant made harassing calls more than once, made empty threats of litigation, and improperly disclosed information about the plaintiff's debt to a third party); *cf. Hance v. Premier Recovery Group, Inc.,* 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding $500 when the defendant called the plaintiff's home more than twenty times per month).

### 3. Attorneys' Fees and Costs

Under the FDCPA, the court has discretion to award reasonable attorneys' fees to successful litigants. *See* 15 U.S.C. § 1692k(a)(3).  A court should consider case-specific variables in setting a reasonable hourly rate, which in turn should be used to calculate the "presumptively reasonable fee."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008).  The hourly rates charged in the reviewing court's district are presumptively the rates that the court should use.  *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009).  Therefore, this Court considers the prevailing market rate in the Western District of New York in determining a reasonable fee here.  *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (considering the market rate for "similar services by lawyers of reasonably comparable skill, experience, and reputation").

In support of his motion for default judgment, the plaintiff submitted time records indicating that 9.5 hours were expended by an attorney and 3.8 hours were expended

6

by a paralegal in litigating this case.  Docket Item 9 at ¶ 19.  The requested hourly rate for Taylor L. Kosla, Esq., is $375 (totaling $3,562.50), and the requested hourly rate for the paralegal is $133 (totaling $505.40).  Attorney Kosla claims that in his five-year legal career, he has settled over 600 consumer rights cases and has taken two such cases to verdict, *id*. at ¶¶ 29-30; he also says that he has been awarded fees in similar cases in the range of $200-$275 per hour, *id*. at ¶¶ 23-26.  The declaration supporting the plaintiff's motion for attorneys' fees does not indicate the level of experience of the paralegal who worked on the case.[2]

      Given recent case law in this district, the Court finds Kosla's requested hourly rate of $375, as well as the $133 hourly rate for the paralegal, to be excessive and concludes that a $300 hourly rate for an attorney with five years of experience and a $75 hourly rate for a paralegal to be more commensurate with rates in the Western District of New York.  See *McPhaul v. Insight Management Partners,* No. 19-CV-1392, 2022 WL 542534, at *4 (W.D.N.Y. Feb. 23, 2022) (finding $300 attorney hourly rate reasonable); *Welch v. PDL Recovery Grp., LLC,* No. 15-CV-512, 2019 WL 4887595, at *3 (W.D.N.Y. Oct. 3, 2019) (finding $300 per hour reasonable for experienced FDCPA attorney); *Eades v. Kennedy, PC. Law Offices*, 343 F. Supp. 3d 104, 108 (W.D.N.Y. 2018) (awarding hourly rate of $300 for experienced FDCPA attorneys); *Langhorne v. Takhar Grp. Collection Servs., Ltd.*, No. 13-CV-231C, 2016 WL 1177980, at *2 (W.D.N.Y. Mar. 28, 2016) (awarding hourly rate of $300 for attorney and $50 for paralegal).  The Court finds the 9.5 hours of attorney work and 3.8 hours of paralegal

---

[2] The plaintiff cites statistics for attorneys in and near Albany, New York, in support of his request.  See Docket Item 9 at ¶¶ 40-41.  But Albany is in the Northern District of New York and hundreds of miles from Buffalo, and so those statistics add little to the Court's calculus.

work to be reasonable.  Using the $300 hourly rate for Kosla and the $75 hourly rate for the paralegal, this Court awards attorneys' fees to the plaintiff in the amount of $3,135.00.  The Court also awards the requested $497 in costs for the filing fee and service of the summons and complaint.

## CONCLUSION

Accordingly, the plaintiff's motion for default judgment is granted in part, and the plaintiff is awarded $3,882:  $250 in statutory damages; $3,135 in attorneys' fees; and $497 in costs.

SO ORDERED.

Dated:    November 10, 2022
          Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE